UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY FISHEL, | § | |
| | § | |
|   *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-746 |
| | § | |
| BANK OF AMERICA, N.A. *et al.*, | § | |
| | § | |
|   *Defendants*. | § | |

**ORDER**

Pending before the court is defendants Bank of America N.A. ("BOA"), Wells Fargo Bank N.A., ("Wells Fargo), and Samantha Kusich's motion to dismiss for failure to state a claim. Dkt 4. After reviewing the motion, response, reply, and relevant law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

Plaintiff Jerry Fishel filed suit in state court alleging that defendants filed fraudulent documents with the Fort Bend County District Clerk in violation of Texas Civil Practice and Remedies Code § 12.002 and conspired to deprive Fishel of his interest in real property by filing fraudulent court documents. Defendants removed the case to this court (Dkt. 1) and now seek to dismiss Fishel's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 4.

Fishel alleges that he obtained a home equity loan from First Franklin. Dkt. 1-1 at 7. BOA is now the servicer of the loan, and Wells Fargo is the holder. *Id.* According to Fishel, there is no public record of the transfer of the note from First Franklin to Wells Fargo. *Id.* Fishel alleges that he has failed to make all of his required mortgage payments due to health conditions and financial difficulties. *Id.* at 8. He asserts that BOA and First Franklin "caused Kusich to file a false affidavit with the Fort Bend Country District Clerk for the purpose of depriving Fishel of real property." *Id.*

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

Generally, when "considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Because "a Rule 12(b)(6) motion is viewed with disfavor and rarely granted, a complaint may not be dismissed unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999) (emphasis added) (internal quotations omitted).

## III. ANALYSIS

### A. Fraudulent Lien Claim

Plaintiff has not alleged facts sufficient to support a claim pursuant to Texas Civil Practice and Remedies Code § 12.002. A claim under Section 12.002(a) has three elements:

> [T]he defendant (1) made, presented, or used a document with knowledge that it was a "fraudulent lien or claim against real or personal property or an interest in real or personal property," (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

*Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex. App.–Dallas 2013, no pet.) (quoting Tex. Civ. Prac. & Rem. Code § 12.002(a)). Fishel's claim fails because he has not adequately pled the first element of his fraudulent lien claim. Fishel's original state court petition alleges that BOA and First Franklin "caused Kusich to file a false affidavit [("Kusich Affidavit")] with the Fort Bend County District Clerk for the purpose of depriving Fishel of real property." Dkt. 1-1 at 8. Although Fishel did not attach the Kusich Affidavit to his state court petition, the court will consider it since it is referred to in the complaint, is central to Fishel's claim, and was submitted by defendants with their motion to dismiss. Dkt. 11-1.

The Kusich Affidavit was filed with the District Clerk of Fort Bend County in conjunction with BOA's attempted foreclosure. *Id.* It is a recitation of the facts entitling Wells Fargo to proceed with the foreclosure action. *Id.* The affidavit identifies Kusich as an Assistant Vice President of BOA. *Id.* While Fishel's petition does not state why he believes the affidavit is false, his response to defendants' motion to dismiss indicates that he believes Kusich falsely identified herself as a vice-president of BOA. Dkt. 9 at 4. BOA responds that Kusich is a vice president of BOA, but the response is unnecessary to dispose of Fishel's claim. Even if the court assumes Fishel's statement regarding Kusich's title is true, the affidavit is not a lien or claim against real property.

The Kusich Affidavit identifies a lien that was previously created, the number of unpaid monthly payments, the total amount necessary to pay off the lien, and other facts supporting BOA's

3

claim for foreclosure. There is no new lien or claim created by the Kusich Affidavit. Moreover, Fishel does not dispute any of the factual allegations contained in the affidavit or the right to foreclosure supported by the affidavit. Because Fishel has not adequately pled the first element of his claim, he has not stated a claim for fraudulent lien.[1]

### B. Conspiracy Claim

Fishel claims that the defendants conspired to deprive him of real property through use of fraudulent documents in violation of Texas Civil Practice and Remedies code § 12.002. Dkt. 9 at 4-5. This claim is based on ths same facts as Fishel's Section 12.002 claim. "Allegations of conspiracy are not actionable absent an underlying tort" *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997). In light of the conclusion that Fishel has not stated a fraudulent lien claim, dismissal of the conspiracy claim is also proper.

### IV. CONCLUSION

Fishel has failed to state a claim for which relief can be granted. Accordingly, defendants' motion to dismiss (Dkt. 4) is GRANTED and Fishel's claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on June 4, 2015.

_____
Gray H. Miller
United States District Judge

---

[1] Defendants also argue that Fishel's claims should be dismissed pursuant to theories of *res judicata*, collateral estoppel, and failure to plead fraud with particularity. Dkt. 4. The court does not need to reach these arguments since Fishel has not even stated the basic elements of his claim.